**ACKLEY et al, Plaintiffs-Appellees, v. ACKLEY et al, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21093.  Decided December 6, 1948.

Henry H. Pleasant, Cleveland, for plaintiff-appellees.

H. C. Wedren, Perry E. Hamilton, F. E. Picklow, Cleveland, for defendants-appellants.

**OPINION**

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment of the Probate Court of Cuyahoga County upon a petition to construe the last will and testament of Alex Lada,

deceased. The will which was written in the Hungarian language was as follows:

"I, the undersigned, wish to make my Last Will and Testament after consideration and with a sane mind, I want to will my house at 12510 Forest Avenue to my son, Louis Lada Butler, with the restrictions that he can make loan on it by no means and that he must pay the taxes on it regularly every half year. If he marries and he has children then he shall leave it to his children. If he has no children (indicating testator thought his son did not have a child at time of making the Will and none was born thereafter) his wife should have no legal claim to the house. AFTER the death of Louis it should be divided among all the grandchildren, that is the children of Anna Ackley and the children of Sandor Lada, Alex Lada. My funeral will be conducted by Anna Ackley from the Verhovay policy which was given to her by me. If the law requires it my son Louis my give $5.00 to Anna and $5.00 to Alex.

(signed)   Alex Lada."

There is no issue made as to the accuracy of the interpretation of the will, there being some contention with respect to one or two words but not of any material importance.

Upon due consideration of the record, there being no evidence received in the case, we conclude that the intention of the testator as expressed in his will dated November 1, 1944 and admitted to Probate on July 16, 1946, in disposing of testator's house and lot known as 12510 Forest Avenue, Cleveland, Ohio, was:—

To grant to Louis Lada Butler, a son, a life use of such property without the right to "make loan on it" that is, without the right to encumber such property by mortgage or otherwise, and with the duty of paying the taxes thereon twice each year.

(The said Louis Lada Butler was married in 1933 and one child was born of such marriage, such child now being about 16 years of age. Louis Lada Butler was divorced by his wife in 1946, by a decree of common pleas court of Cuyahoga County.)

It was the further intention of the testator that in the event that the said child of Louis Lada Butler now living, is living at the time of the death of Louis Lada Butler, then he and such other children, if any, as may be born as a result of the remarriage of said Louis Lada Butler and are living at the time of the death of said Louis Lada Butler, shall inherit a fee simple interest in such property, share and share alike. But in the event the said child of Louis Lada Butler

now living, shall die before Louis Lada Butler and that said Louis Lada Butler does not remarry, or if he does remarry, there are no living children of such subsequent marriage or marriages at the time of his death, then the children of Alex Lada Jr., and Anna Ackley, living at the time of the decease of such Louis Lada Butler, shall inherit a fee simple interest in such property, share and share alike.

The finding of the Probate Court is therefore modified to conform to the purpose of the testator as thus determined and as modified the judgment of the probate court construing the will is affirmed.

Exceptions noted. Order See Journal.

HURD, PJ, MORGAN, J, concur.